UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>HAGOB PALIKYAN,<br>ARMAN PALIKYAN,<br>GARY AMBARTSUMYAN,<br><br>  Defendants. | Case No. 2:08-cr-00311-RLH-GWF<br><br>**ORDER VACATING EVIDENTIARY HEARING AND FINDINGS & RECOMMENDATION**<br><br>**Joint Motion to Dismiss All Counts (#75) and Joinders (#80, #88)** |

   This matter is before the Court on Defendants Hagob Palikyan and Arman Palikyan's Joint Motion to Dismiss All Counts For Investigative Misconduct Resulting in a Due Process Violation (#75), filed on May 6, 2009. Co-Defendant Gary Ambartsumyan's Joinder (#80) in the Palikyan Defendants' Motion to Dismiss was filed on May 13, 2009. The Government's Opposition to Defendants' Joint Motion to Dismiss All Counts For Investigative Misconduct and Motion to Vacate Evidentiary Hearing (#83) was filed on May 15, 2009. Defendants Hagob Palikyan and Arman Palikyan's Joint Reply to Opposition to Motion to Dismiss (#86) was filed on May 21, 2009. Co-Defendant Gary Ambartsumyan's Joinder (#88) in the Palikyan Defendants' Joint Reply was filed on May 21, 2009.

   Defendants allege that their Fifth Amendment rights to due process of law were violated because the Government or the law enforcement agents who investigated their alleged crimes purposefully delayed filing charges so that additional crimes, victims and losses would occur and Defendants would be subject to increased sentences under the United States Sentencing Guidelines. The Court entered a minute order (#79) on May 12, 2009 scheduling an evidentiary hearing in this

matter for August 3, 2009 at 9:30 A.M. Based on parties' written briefs, however, the Court concludes that an evidentiary hearing in this matter is not required and that Defendants' Joint Motion to Dismiss All Counts For Investigative Misconduct Resulting in a Due Process Violation (#75) should be denied.

**FACTUAL BACKGROUND**

Defendants Hagob Palikyan, Arman Palikyan and Gary Ambartsumyan were initially indicted in this case on November 18, 2008. The Indictment (#1) charged Defendants with Conspiracy in violation of 18 U.S.C. § 371; Trafficking in, Production of, and Use of Counterfeit Access Devices in violation of 18 U.S.C. § 1029(a)(1); Fraudulent Transactions With Access Devices Issued to Other Persons in violation of 18 U.S.C. § 1029(a)(5), (b)(1); Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1); and Aiding and Abetting in violation of 18 U.S.C. § 2. A Superceding Indictment (#37) was filed on January 6, 2009 which added Artur Ambartsumyan as a Defendant and alleged additional overt acts by Artur Ambartsumyan on November 21, 2008 and by Artur Ambartsumyan and Arman Palikyan on November 24, 2008. *Superceding Indictment (#37)*, ¶¶ 14-15.

The indictments allege that the first overt criminal act committed by Defendant Arman Palikyan occurred on March 3, 2008. On that date, Arman Palikyan allegedly used a Visa debit card account in the name of another person and the corresponding PIN to fraudulently obtain approximately $1,000 from a Wells Fargo Bank on Cheyenne Avenue in Las Vegas, Nevada. *Superceding Indictment (#37)*, ¶7. The first alleged overt criminal act committed by Defendant Hagob Palikyan occurred on March 4, 2008 when he allegedly used a Visa debit card account in the name of another person and the corresponding PIN to fraudulently obtain approximately $300 from a Wells Fargo Bank located at Rainbow and Sahara Avenues in Las Vegas, Nevada. *Superceding Indictment (#37)*, ¶8. The first alleged overt criminal act committed by Defendant Gary Ambartsumyan occurred on August 16, 2008 when he allegedly used and attempted to use Bank of America Visa debit card accounts in the name of other persons and the corresponding PIN numbers to fraudulently obtain money orders in the total amount of $13,872 at the Wal-Mart Neighborhood Market on West Charleston Boulevard in Las Vegas, Nevada. *Superceding Indictment (#37)*, ¶12.

Defendants' Joint Motion (#75) states that beginning in July 2008, investigators engaged in surveillance of Defendants as they allegedly used access devices to obtain currency/cash advances or

attempted to utilize access devices.  The Defendants state that Las Vegas Metropolitan Police Department reports reflect that from July 1, 2008, through December 8, 2008, the LVMPD Criminal Intelligence Section conducted extensive investigation involving various Wal-Mart Neighborhood Markets and Wal-Mart Stores in the Las Vegas area.  According to Defendants, the details of the investigation began on July 1, 2008 when Defendant Arman Palikyan attempted to use a debit card at an ATM machine located at the Wal-Mart Store located at 6310 W. Charleston in Las Vegas.  The transaction appeared to be declined and Arman Palikyan walked away.  Defendants further state that on July 14, 2008, the Wal-Mart Market Asset Protection Manager provided the detective with receipts from the transaction at issue and video evidence from the ATM machine.  The receipt allegedly demonstrated that Arman Palikyan attempted to obtain $1,961.84.  *See Joint Motion (#75)*, p. 3.  Defendants' motion states that the first recorded transaction relating to Defendant Hagob Palikyan occurred on October 8, 2008 in the amount of $1,000.92.  *Id.*, p. 4.  However, neither the original nor superceding indictments refer to this alleged transaction.

## DISCUSSION

In *United States v. Marion*, 404 U.S. 307, 323, 92 S.Ct. 455, 465 (1971), the Supreme Court stated that the applicable statute of limitations is the primary guarantee against bringing overly stale criminal charges.  The Court stated that the Due Process Clause of the Fifth Amendment would also require dismissal of the indictment if it were shown at trial that the pre-indictment delay caused substantial prejudice to the defendant's right to a fair trial and the delay was an intentional device to gain a tactical advantage over the accused.  *Marion,* 404 U.S. at 324, 92 S.Ct. at 465.  The Court stated, however, that "[a]ctual prejudice to the defense of a criminal case may result from the shortest and most necessary delay; and no one suggests that every delay-caused detriment to a defendant should abort a criminal prosecution."  *Id.*

The Ninth Circuit applies a two-part test to determine whether pre-indictment delay denied due process:  (1) The defendant must prove actual, non-speculative prejudice from the delay and (2) the length of the delay, when balanced against the reason for the delay, must offend those "'fundamental conceptions of justice which lie at the base of our civil and political institutions.'"  *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992).  A court does not reach the second part of the test unless

the defendant proves actual prejudice. *Id.* The defendant has a heavy burden to demonstrate prejudice which is rarely met. The proof of prejudice must be definite and not speculative. *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007); *United States v. Martinez*, 77 F.3d 332, 335 (9th Cir. 1996); *United States v. Moran*, 759 F.2d 777, 782 (9th Cir. 1985). It is also defendant's burden to prove that dismissal is justified under the second prong of the test. *United States v. Corona-Verbera*, 509 F.3d at 1112; United *States v. Doe*, 149 F.3d 945, 948 (9th Cir. 1998); *United States v. Valentine*, 783 F.2d 1413, 1416-17 (9th Cir. 1986).

In this case, the Defendants do not allege that their ability to defend against the indictment has actually been prejudiced by the loss of witnesses or other evidence. Rather, Defendants contend that they have been prejudiced because the law enforcement agents delayed the filing of charges until the Defendants and/or their co-conspirators committed additional crimes that will enhance the Defendants' sentences if they are convicted. This type of alleged prejudice has not generally been found sufficient to justify dismissal of the indictment, although it may provide a basis for a downward departure at time of sentencing.

In *United States v. Marion*, 404 U.S. at 325 n. 18, 92 S.Ct. at 466 n. 18, the Court, quoting *Hoffa v. United States*, 385 U.S.293, 310 (1966), noted:

> "There is no constitutional right to be arrested. The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of Sixth Amendment if they wait too long.[1] Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction."

In *United States v. Lovasco*, 431 U.S. 783, 791-92, 97 S.Ct. 2044, 2049-50 (1977), the Court also stated "that prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt." The Court stated that such a rule would have deleterious effects upon both accused persons and the prosecution. It would harm accused persons because of the increased likelihood of unwarranted charges

---

[1] *Marion* held that the Sixth Amendment does not apply to pre-indictment or pre-arrest delay.

being filed.  Conversely, it would make obtaining proof of guilt beyond a reasonable doubt impossible by causing potentially fruitful sources of information to be evaporated before they can be fully exploited.  The Court further stated:

> First, compelling a prosecutor to file public charges as soon as the requisite proof has been developed against one participant on one charge would cause numerous problems in those cases in which a criminal transaction involves more than one person or more than one illegal act. In some instances, an immediate arrest or indictment would impair the prosecutor's ability to continue his investigation, thereby preventing society from bringing lawbreakers to justice.  In other cases, the prosecutor would be able to obtain additional indictments despite an early prosecution, but the necessary result would be multiple trials involving a single set of facts.  Such trials place needless burdens on defendants, law enforcement officials and courts.

*Lovasco,* 431 U.S. at 792-93, 97 S.Ct. at 2050.

In holding that the Due Process Clause did not impose such a requirement, the Court stated:

> [I]nvestigative delay is fundamentally unlike delay undertaken by the Government solely "to gain tactical advantage over the accused," *United States v. Marion*, 404 U.S. at 324, precisely because investigative delay is not so one-sided.  Rather than deviating from elementary standards of "fair play and decency," a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt. Penalizing prosecutors who defer action for these reasons would subordinate the goal of "orderly expedition" to that of "mere speed." *Smith v. United States*, 360 U.S.1, 10 (1959).  This the Due Process Clause does not require.  We therefore hold that to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might by somewhat prejudiced by the lapse of time.

*Id.*, 431 U.S. at 795-96, 97 S.Ct. at 2051-52.

In *United States v. Baker*, 63 F.3d 1478, 1500 (9th Cir. 1995), the defendant contended that the government unnecessarily prolonged its investigation of a contraband cigarette trafficking scheme for the sole purpose of increasing the coconspirators' sentencing exposure.  The defendant argued that this sentencing manipulation violated due process and barred the prosecution.  In affirming the denial of the motion to dismiss, the Ninth Circuit stated that "[t]he viability of sentencing manipulation as a valid doctrine is uncertain.  No court has held, however, that sentencing manipulation can serve as a complete bar to prosecution."  The court noted that sentencing "entrapment" may be a proper basis for a downward departure at sentencing.  *Id.*, citing *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir. 1994).  Sentencing entrapment occurs when a defendant who is disposed to commit a minor or lesser

offense is entrapped into committing a greater offense, subject to greater punishment. *Id.* The court then stated:

> Baker does not contend he was subjected to this form of "sentencing entrapment." He asserts only that the government stretched out its investigation after it had sufficient evidence to indict. This may be true, but we decline to adopt a rule that, in effect, would find "sentencing manipulation" whenever the government, even though it has enough evidence to indict, opts instead to wait in favor of continuing its investigation. *See Jones*, 18 F.3d at 1155.
>
> Such a rule "would unnecessarily and unfairly restrict the discretion and judgment of investigators and prosecutors." *Id.* at 1145. "Police . . . must be given leeway to probe the depth and extent of a criminal enterprise, to determine whether coconspirators exist, and to trace . . . deeper into the distribution hierarchy." *United States v. Calva*, 979 F.2d 119, 123 (8th Cir. 1992). *See also United States v. Shepard*, 4 F.3d 647, 649 (8th Cir. 1993), *cert. denied,* 510 U.S. 1203, 127 L.Ed. 671, 114 S.Ct. 1322 (1994). Moreover, since the government bears the burden of proving its case beyond a reasonable doubt, it must be permitted to exercise its own judgment in determining at what point in an investigation enough evidence has been obtained. We reject Baker's sentencing manipulation argument.

*Baker*, 63 F.3d at 1500.

In *United States v. Lopeztegui*, 230 F.3d 1000, 1003 (7th Cir. 2000), the Seventh Circuit construed *Baker* as rejecting "sentencing manipulation" as grounds for finding a due process violation based on pre-indictment delay. In an earlier case, *United States v. Spears*, 159 F.3d 1081, 1086 (7th Cir. 1998), the Seventh Circuit stated that the government is not obligated to save the defendant from himself and that any prejudice the defendant suffered because of pre-indictment delay was the result of his own criminal conduct, and not from any government misconduct. *Spears* also involved circumstances which arguably suggested that the prosecutor vindictively charged the defendant, several years after the alleged crime occurred, because of his acquittal on an intervening and more serious state criminal charge. Defendants have not pointed to any similar circumstances here.

In *United States v. Martinez*, 77 F.3d 332, 336 (9th Cir. 1996), the defendant was indicted approximately six months after he committed the crime of possession of stolen property. The defendant pled guilty and was sentenced to eight months in prison. Shortly before defendant completed his sentence, he was indicted for conspiracy involving possession or sale of stolen property in other incidents that were known to law enforcement officers at the time defendant was charged and pled

guilty to the first possession offence.  The government explained that the delay in charging defendant with the other crimes was due to backlog in the prosecutors' offices.  In reversing the dismissal of the later indictment based on pre-indictment delay, the court held that defendant had not met his heavy burden to show actual, non-speculative prejudice.  The court held that defendant's claim of prejudice was speculative because the sentencing guidelines provided the district judge with leeway to grant downward departures in the sentence that might otherwise be imposed as a result of the delay that occurred.

In this case, the first crimes allegedly committed by Defendants Arman and Hagob Palikyan occurred on March 3 and 4, 2008.  The indictment was filed eight and a half months later on November 18, 2008.  According to the sketchy information provided in Defendants' motion to dismiss, law enforcement officers began investigating defendants on July 1, 2008.  Under Defendants' scenario, the period of alleged "pre-indictment delay" was approximately four and a half months as to Arman Palikyan and was much shorter as to Defendants Hagob Palikyan and Gary Ambartsumyan.  These alleged periods of delay do not, on their face, suggest that the Government engaged in improper delay to obtain a tactical advantage over the Defendants.

Even assuming that the Government had sufficient evidence to commence the prosecution against Defendants Arman and Hagob Palikyan shortly after the initial crimes were committed on March 3-4, 2008, Defendants have failed to allege any factual basis for concluding that the Government delayed bringing charges in order to obtain an unfair tactical advantage.  Count One of the Superceding Indictment (#37) charges the Defendants with conspiracy involving the trafficking in, production and distribution of counterfeit access devices, fraudulent transactions with access devices and aggravated identity theft.  As *Lovasco and Baker* indicate, law enforcement must be given leeway to probe the depth and extent of a criminal enterprise, to determine whether coconspirators exist, and to trace deeper into the alleged conspiracy's hierarchy.  A period of eight and a half months between the commission of the first crime and the filing of the indictment charging several individuals with conspiracy involving counterfeit access devices and identity theft does not, on its face, suggest improper pre-indictment delay by the Government.  That the alleged conspirators may commit additional crimes while the Government pursues its investigation into the alleged conspiracy does not constitute government conduct that

offends those "'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" *United States v. Huntley*, 976 F.2d at 1290.

## CONCLUSION

In *United States v. Voigt*, 89 F.3d 1050, 1067 (3rd Cir. 1996), the Third Circuit stated that a defendant's moving papers must demonstrate a colorable claim for relief in order to justify an evidentiary hearing based on outrageous government conduct in violation of the Fifth Amendment. In order to be colorable, a defendant's motion must consist of more than mere bald-faced allegations of misconduct. Defendant must allege specific facts supporting his claim of government misconduct. In *United States v. Lazarevich*, 147 F.3d 1061, 1065 (9th Cir. 1998), the Ninth Circuit stated that an evidentiary hearing is not required where the evidence is in equipoise such that defendant cannot meet his high burden to support dismissal of the indictment. Here, the Defendants have, at most, shown that additional crimes occurred while the Government was investigating an alleged ongoing criminal conspiracy. Such allegations do not justify an evidentiary hearing based on outrageous government conduct in violation of the Due Process Clause. Accordingly,

**IT IS HEREBY ORDERED** that Co-Defendant Gary Ambartsumyan's Joinder (#80) in the Palikyan Defendants' Motion to Dismiss and his Joinder (#88) in the Palikyan Defendants' Joint Reply are **granted.**

**IT IS FURTHER ORDERED** that the evidentiary hearing on Defendants' Motion to Dismiss (#75) scheduled for August 3, 2009 at 9:30 A.M. is **vacated.**

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendants' Joint Motion to Dismiss All Counts For Investigative Misconduct Resulting in a Due Process Violation (#75) be **denied.**

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the

objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 2nd day of June, 2009.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge