AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case                                              (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT

District of _____Nevada_____

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| GARY AMBARTSUMYAN | |

| | |
|---|---|
| Case Number: | 2:08-cr-311-RLH-GWF-4 |
| USM Number: | 43611-048 |

DAVID T. BROWN
Defendant's Attorney

**Date of Original Judgment:**   July 7, 2011
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

**X** Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or
  ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

**X** pleaded guilty to count(s)   Two, Eight  and Ten of the Second Superseding Indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1029(a)(1) | Trafficking In, Production of, and Use of Counterfeit Access Devices | 12/03/08 | * 2 |
| 18 USC §§ 1028A(a)(1) and (c)(4) | Aggravated Identify Theft | 8/16/08 | 8 |
| 18 USC § 1956(h) | Conspiracy to Commit Money Laundering | 12/26/08 | 10 |

The defendant is sentenced as provided in pages 2 _____6_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

**X** Count(s) ____All Remaining Counts____ ☐ is **X** are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 7, 2011
Date of Imposition of Judgment

_Roger L. Hunt_
Signature of Judge

ROGER L. HUNT, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

July 11, 2011
Date

Judgment — Page ___2___ of ___6___

DEFENDANT:        GARY AMBARTSUMYAN
CASE NUMBER:     2:08-cr-311-RLH-GWF-4

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term   **24 MONTHS  each as to Count Two and Count Ten, each to run concurrently one with the other;**
**24 MONTHS as to Count Eight, to run consecutively with Count Two and Count Ten; for a**

**TOTAL TERM OF 48 MONTHS**

X    The court makes the following recommendations to the Bureau of Prisons:
The Court recommends the Defendant be permitted to serve his term of incarceration in the Englewood facility, or in the alternative in the Lompac or Florence facility (listed in order of preference).  The Court also recommends the Defendant be permitted to participate in a residential drug treatment program while incarcerated. *The Court strongly recommends the Defendant and his brother Artur Ambartsumyan be housed in the same facility.*

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at  _____   ☐ a.m.   ☐ p.m.   on  _____  .

☐    as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

X    before 12 p.m. on   **OCTOBER 7, 2011**_____  .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on  _____  to  _____

a  _____  with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page   3   of   6

DEFENDANT:        GARY AMBARTSUMYAN
CASE NUMBER:      2:08-cr-311-RLH-GWF-4

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
**3 YEARS each as to Counts Two and Ten and One Year as to Count Eight, all to run concurrently one with the other**

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

Sheet 3C — Supervised Release                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page   4   of   6

DEFENDANT:       GARY AMBARTSUMYAN
CASE NUMBER:     2:08-cr-311-RLH-GWF-4

## SPECIAL CONDITIONS OF SUPERVISION

1)  The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by Federal, state or local law.

2)  The defendant shall submit to the search of his person, property, residence, or automobile under his control by the Probation Officer, or any other authorized person under the immediate and personal supervision of the Probation Officer without a search warrant to ensure compliance with all conditions of release.

3)  The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Officer.

4)  The defendant shall provide the Probation Officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which he has a control or interest.

5)  The defendant shall use his true name at all times and will be prohibited from the use of any aliases, false date of birth, social security numbers, places of birth, and any other pertinent demographic information.

*Note: A written copy of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.*

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties                                                           (NOTE: Identify Changes with Asterisks (*))

Case 2:08-cr-00311-MMD-GWF   Document 348   Filed 07/11/11   Page 5 of 21

Judgment — Page    5    of    6

DEFENDANT:          GARY AMBARTSUMYAN
CASE NUMBER:        2:08-cr-311-RLH-GWF-4

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  300.00 | $  WAIVED | $  225,332.00* |

*Due Jointly and Severally with Co-Defendants.*

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| *(See Attached List)* |  | $225,332.00 |  |

| **TOTALS** | $ _____ | $   $225,332.00 |
|---|---|---|

☐   Restitution amount ordered pursuant to plea agreement   $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐   the interest requirement is waived for   ☐  fine    ☐  restitution.

   ☐   the interest requirement for the   ☐  fine    ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:       GARY AMBARTSUMYAN
CASE NUMBER:     2:08-cr-311-RLH-GWF-4

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   X   Lump sum payment of $   225,632.00   due immediately, balance due

   ☐   not later than _____ , or
   X   in accordance with   ☐ C,   ☐ D,   ☐ E, or   X F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of   $ _____ over a period of
           _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
           _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
           term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
           imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   X   Special instructions regarding the payment of criminal monetary penalties:

           ANY REMAINING BALANCE DUE AT THE TIME OF RELEASE SHALL BE PAID AT A
           MONTHLY RATE OF 10% OF GROSS INCOME, SUBJECT TO ADJUSTMENT BASED ON
           ABILITY TO PAY.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and
     corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
     ***(See Attached Preliminary and Final Orders of Forfeiture)***

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**U.S. v. Gary Ambartsumyan**
**2:08-cr-00311-RLH-GWF**
<u>**Restitution List**</u>

Wells Fargo Bank                                    $49,840.00
P.O. Box 30086
Los Angeles, California 90030-0086

Bank of America                                    $105,492.00
1000 Samoset Drive
Newark, Delaware 19713

USAA                                               $2,500.00
10750 McDermott Freeway
San Antonio, Texas 78288-9876

Silver State Schools Federal Credit Union          $8,500.00
P.O. Box 12037
Las Vegas, Nevada 89112-0037

Metabank                                           $1,000.00
5501 South Broadband Lane
Sioux Falls, South Dakota 57108

Citibank                                           $21,500.00
100 Citibank Drive
San Antonio, Texas 78245

Nevada Federal Credit Union                        $1,000.00
P.O. Box 15400
Las Vegas, Nevada 89114

United Airlines Employee Credit Union/             $500.00
Alliant Credit Union
10000 Bessie Coleman Drive
Chicago, Illinois 60666

The Bancorp Bank                                   $500.00
405 Silverside Road
Wilmington, Delaware 19809

Palm Desert National Bank                                    $500.00
73-745 El Paso
Palm Desert, California 92260

Desert Schools Federal Credit Union                          $2,000.00
P.O. Box 2945
Phoenix, Arizona 85062-2945

San Diego Credit Union                                       $500.00
P.O. Box 269040
San Diego, California 92196-9040

North Island Financial Credit Union                          $3,000.00
P.O. Box 85833
San Diego, California 92186-5833

Iowa Corporate                                               $1,000.00
1500 NW 118th Street
Des Moines, Iowa 50325

Union Bank of California                                     $3,000.00
P.O. Box 513840
Los Angeles, California 90051

Central Credit Union                                         $2,000.00
6200 North W Street
Pensacola, Florida 32505

US Bank                                                      $21,000.00
800 Nicollet Mall
Minneapolis, Minnesota 55402

FDIC as Receiver for Washington Mutual                       $1,500.00
FDIC Restitution Payments
P.O. Box 971774
Dallas, Texas 75397-1774


TOTAL:                                                       $225,332.00

☑ FILED      ___ RECEIVED
___ ENTERED     ___ SERVED ON
           COUNSEL/PARTIES OF RECORD

MAR - 7 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     2:08-CR-311-RLH (GWF) |
| | ) |
| GARY AMBARTSUMYAN, | ) |
| Defendant. | ) |

## PRELIMINARY ORDER OF FORFEITURE

This Court finds that on March 7, 2011, defendant GARY AMBARTSUMYAN pled guilty to Counts Two, Eight, and Ten of a Ten-Count Second Superseding Criminal Indictment charging him in Count Two with Trafficking In, Production of, and Use of Counterfeit Access Devices in violation of Title 18, United States Code, Sections 1029(a)(1); in Count Eight with Aggravated Identity Theft, in violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(4); and in Count Ten with Conspiracy to Commit Money Laundering in violation of Title 18, United States Code, Section 1956(h).

This Court finds defendant GARY AMBARTSUMYAN agreed to the forfeiture of the property set forth in Forfeiture Allegations of the Second Superseding Criminal Indictment.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Forfeiture Allegations of the Second Superseding Criminal Indictment and the offense to which defendant GARY AMBARTSUMYAN pled guilty.

The following assets are subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B); Title 18, United States Code, Section 982(a)(1); Title 18, United States Code, Section 981(a)(1)(A) and Title 28, United States Code, Section 2461(c); and Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c):

    a.      Sony Brown 42" Lcd Tv, S/N 1050106;

    b.      Sony Brown 42" Lcd Tv, S/N 1002050;

    c.      Dell Model 1320 Laser Printer, S/N 35rphf1;

    d.      Dell Model 1850 Laser Printer, S/N H1c34091;

    e.      Acer Laptop, S/N Lxal70x043820001ef2513;

    f.      Dell Xps Laptop, S/N 5vg3kd1;

    g.      Apple Mac Laptop, S/N W8807f5dop1;

    h.      Hp Laptop, S/N 2ce7222m6q;

    i.      Mac Book Air, S/N W8813ppuy51;

    j.      Miscellaneous Cards, Cables, Remotes, Controllers, Stands;

    k.      3.5 X Drive, Extend Harddrive, S/N 020851;

    l.      Apple Tv, S/N 6f8182w04cp;

    m.      Wd External Hard Drive, S/N Wxh207674808;

    n.      Msr 206 Encoder, S/N A015401;

    o.      Psp Portable, S/N Pp865026504-Psp1001;

    p.      Psp Portable, S/N At045924040-Psp2001;

    q.      Ipod Touch 16 Bg, S/N 1c80167a/4p;

    r.      Iphone, S/N 5k81880jwh8;

    s.      Iphone, S/N Bcga1241;

    t.      Iphone, S/N 5k80247kwh8;

    u.      Iphone, S/N 579ca1241;

    v.      Sandisk 2 Gb Flashdrive, S/N 2048rb;

| | | |
|---|---|---|
| w. | Sandisk 4 Gb Flashdrive, S/N 4096rb; |
| x. | Sandisk 1 Gb Flashdrive, S/N 1024rb; |
| y. | Pny Attache 1 Gb Flashdrive, No S/N; |
| z. | Logitech Mx Revolution Thumbdrive, S/N 810-000412; |
| aa. | Iron Key Thumbdrive, S/N 0140485; |
| ab. | Iron Key Thumbdrive, S/N 0140551; |
| ac. | Dell Xps Tower, S/N 30gzcg1; |
| ad. | Playstation 3, S/N Ce124062502-Cecha01; |
| ae. | Playstation 3, S/N Ce514635354-Cechg01; |
| af. | Xbox 360, S/N 311730682105; |
| ag. | Xbox 360, No S/N; |
| ah. | 1 - Xbox 360 Video Game; |
| ai. | 11 - Playstation 3 Video Games; |
| aj. | 6 - Psp Games In Case; |
| ak. | 35 - Blue Ray Movies; |
| al. | Wtj-90a Tipper; |
| am. | $3,000 Cash (From Gary Ambartsumyan's room); |
| an. | $4900 Cash (From Artur Ambartsumyan's room); |
| ao. | $14,802.63 in Money Gram Money Orders; |
| ap. | Mens' Breitling Bentley Watch, S/N A25362; and |
| aq. | Mens' Breitling Bentley Watch; |
| ar | counterfeit access device containing unauthorized account information for Visa debit card account in the name of M.V., account number ending in X-4923; |
| as. | counterfeit access device containing unauthorized account information for Visa debit card account in the name of G.V., account ending in X-2319; |

. . .

3

at.     counterfeit access device containing unauthorized account information for Visa debit card account in the name of C.D., account ending in X-1918;

au.     counterfeit access device containing unauthorized account information for a Bank of America Visa debit card account, account ending in X-7119;

av.     counterfeit access device containing unauthorized account information for Bank of America Visa debit card account in the name of J.R., account ending in X-4609;

aw.     counterfeit access device containing unauthorized account information for a Bank of America Visa debit card account in the name of B.J., account ending in X-1577;

ax.     counterfeit access device containing unauthorized account information for a Bank of America Visa debit card account, account ending in X-8491;

ay.     counterfeit access device containing unauthorized account information for Bank of America Visa debit card account, account ending in X-6657;

az      counterfeit access device containing unauthorized account information for Bank of America Visa debit card account, account ending in X-9612;

aaa.    counterfeit access device containing unauthorized account information for Bank of America Visa debit card account in the name of G.S., account ending in X-2034;

aab.    counterfeit access device containing unauthorized account information for Bank of America Visa debit card account in the name of C.S., account ending in X-3846;

aac.    counterfeit access device containing unauthorized account information for Bank of America Visa debit card account in the name of S.K., account ending in X-5010;

. . .

4

| | | |
|---|---|---|
| aad. | counterfeit access device containing unauthorized account information for Bank of America Visa debit card account in the name of E.H., account ending in X-4275; |
| aae. | counterfeit access device containing unauthorized account information for Bank of America Visa debit card account in the name of B.W., account ending in X-7341; |
| aaf. | counterfeit access device containing unauthorized account information for Bank of America Visa debit card account, account ending in X-3019; |
| aag. | counterfeit access device containing unauthorized account information for Bank of America Visa debit card account in the name of D.R., account ending in X-4018; |
| aah. | counterfeit access device containing unauthorized account information for Bank of America Visa debit card account, account ending in X-7017; |
| aai. | counterfeit access device containing unauthorized account information for Bank of America Visa debit card account, account ending in X-6691; |
| aaj. | counterfeit access device containing unauthorized account information for Wells Fargo debit card account, number ending in X-4424; |
| aak. | counterfeit access device containing unauthorized account information for a Wells Fargo debit card account, account number ending in X-7930; |
| aal. | counterfeit access device containing unauthorized account information for a Wells Fargo debit card account, number ending in X-6110; |
| aam. | 2008 White BMW M5, VIN WBSNB93548CX09044; |
| aan. | 2008 Black Mercedes Benz G-500 Wagon, VIN WDCYR49E38X171546; |
| aao. | 2006 Black Quad Cab Dodge Dakota Truck, VIN 1D7HA18286J185015; and |

. . .

. . .

5

1     aap. an *in personam* criminal forfeiture money judgment of $663,089.35 in United

2        States Currency

3 ("the property").

4    This Court finds the United States of America is now entitled to, and should, reduce the

5 aforementioned property to the possession of the United States of America.

6    NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the

7 United States of America should seize the aforementioned property.

8    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of

9 GARY AMBARTSUMYAN in the aforementioned property is forfeited and is vested in the United

10 States of America and shall be safely held by the United States of America until further order of the

11 Court.

12    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America

13 shall publish for at least thirty (30) consecutive days on the official internet government forfeiture

14 website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state

15 the time under the applicable statute when a petition contesting the forfeiture must be filed, and state

16 the name and contact information for the government attorney to be served with the petition, pursuant

17 to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

18    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed

19 with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

20    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any,

21 shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the

22 following address at the time of filing:

23     Michael A. Humphreys
      Assistant United States Attorney
24     Daniel D. Hollingsworth
      Assistant United States Attorney
25     Lloyd D. George United States Courthouse
      333 Las Vegas Boulevard South, Suite 5000
26     Las Vegas, Nevada 89101

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

DATED this  7  day of  *March* , 2011.

_____
UNITED STATES DISTRICT JUDGE

7

```
  ✓ FILED          ____ RECEIVED
  ____ ENTERED     ____ SERVED ON
        COUNSEL/PARTIES OF RECORD

          JUL - 7 2011

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
  BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | 2:08-CR-311-RLH (GWF) |
| GARY AMBARTSUMYAN, ) | |
| Defendant. ) | |

## FINAL ORDER OF FORFEITURE

On March 7, 2011, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 982(a)(2)(B); Title 18, United States Code, Section 982(a)(1); Title 18, United States Code, Section 981(a)(1)(A); and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), based upon the plea of guilty by defendant GARY AMBARTSUMYAN to criminal offenses, forfeiting specific property alleged in the Indictment and agreed to in the Plea Memorandum and shown by the United States to have a requisite nexus to the offense to which defendant GARY AMBARTSUMYAN pled guilty. Docket #1, 299, 300, 301.

This Court finds the United States of America published the notice of the forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov,

. . .

1   consecutively from March 8, 2011, through to April 6, 2011, notifying all known third parties of their

2   right to petition the Court. #309.

3         This Court finds no petition was filed herein by or on behalf of any person or entity and the

4   time for filing such petitions and claims has expired.

5         This Court finds no petitions are pending with regard to the assets named herein and the time

6   for presenting such petitions has expired.

7         THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right,

8   title, and interest in the property hereinafter described is condemned, forfeited, and vested in the

9   United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P.

10   32.2(c)(2); Title 18, United States Code, Section 982(a)(2)(B); Title 18, United States Code, Section

11   982(a)(1); Title 18, United States Code, Section 981(a)(1)(A), and Title 28, United States Code,

12   Section 2461(c); and Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States

13   Code, Section 2461(c); and Title 21, United States Code, Section 853(n)(7) and shall be disposed of

14   according to law:

15       a.    Sony Brown 42" Lcd Tv, S/N 1050106;

16       b.    Sony Brown 42" Lcd Tv, S/N 1002050;

17       c.    Dell Model 1320 Laser Printer, S/N 35rphf1;

18       d.    Dell Model 1850 Laser Printer, S/N H1c34091;

19       e.    Acer Laptop, S/N Lxal70x043820001ef2513;

20       f.    Dell Xps Laptop, S/N 5vg3kd1;

21       g.    Apple Mac Laptop, S/N W8807f5dop1;

22       h.    Hp Laptop, S/N 2ce7222m6q;

23       i.    Mac Book Air, S/N W8813ppuy51;

24       j.    Miscellaneous Cards, Cables, Remotes, Controllers, Stands;

25       k.    3.5 X Drive, Extend Harddrive, S/N 020851;

26       l.    Apple Tv, S/N 6f8182w04cp;

2

|  |  |  |
|---|---|---|
| 1 | m. | Wd External Hard Drive, S/N Wxh207674808; |
| 2 | n. | Msr 206 Encoder, S/N A015401; |
| 3 | o. | Psp Portable, S/N Pp865026504-Psp1001; |
| 4 | p. | Psp Portable, S/N At045924040-Psp2001; |
| 5 | q. | Ipod Touch 16 Bg, S/N 1c80167a/4p; |
| 6 | r. | Iphone, S/N 5k81880jwh8; |
| 7 | s. | Iphone, S/N Bcga1241; |
| 8 | t. | Iphone, S/N 5k80247kwh8; |
| 9 | u. | Iphone, S/N 579ca1241; |
| 10 | v. | Sandisk 2 Gb Flashdrive, S/N 2048rb; |
| 11 | w. | Sandisk 4 Gb Flashdrive, S/N 4096rb; |
| 12 | x. | Sandisk 1 Gb Flashdrive, S/N 1024rb; |
| 13 | y. | Pny Attache 1 Gb Flashdrive, No S/N; |
| 14 | z. | Logitech Mx Revolution Thumbdrive, S/N 810-000412; |
| 15 | aa. | Iron Key Thumbdrive, S/N 0140485; |
| 16 | ab. | Iron Key Thumbdrive, S/N 0140551; |
| 17 | ac. | Dell Xps Tower, S/N 30gzcg1; |
| 18 | ad. | Playstation 3, S/N Ce124062502-Cecha01; |
| 19 | ae. | Playstation 3, S/N Ce514635354-Cechg01; |
| 20 | af. | Xbox 360, S/N 311730682105; |
| 21 | ag. | Xbox 360, No S/N; |
| 22 | ah. | 1 - Xbox 360 Video Game; |
| 23 | ai. | 11 - Playstation 3 Video Games; |
| 24 | aj. | 6 - Psp Games In Case; |
| 25 | ak. | 35 - Blue Ray Movies; |
| 26 | al. | Wtj-90a Tipper; |

3

1     am.    $3,000 Cash (From Gary Ambartsumyan's room);

2     an.    $4900 Cash (From GARY Ambartsumyan's room);

3     ao.    $14,802.63 in Money Gram Money Orders;

4     ap.    Mens' Breitling Bentley Watch, S/N A25362; and

5     aq.    Mens' Breitling Bentley Watch;

6     ar    counterfeit access device containing unauthorized account information for Visa

7          debit card account in the name of M.V., account number ending in X-4923;

8     as.    counterfeit access device containing unauthorized account information for Visa

9          debit card account in the name of G.V., account ending in X-2319;

10    at.    counterfeit access device containing unauthorized account information for Visa

11         debit card account in the name of C.D., account ending in X-1918;

12    au.    counterfeit access device containing unauthorized account information for a

13         Bank of America Visa debit card account, account ending in X-7119;

14    av.    counterfeit access device containing unauthorized account information for Bank

15         of America Visa debit card account in the name of J.R., account ending in X-

16         4609;

17    aw.    counterfeit access device containing unauthorized account information for a

18         Bank of America Visa debit card account in the name of B.J., account ending

19         in X-1577;

20    ax.    counterfeit access device containing unauthorized account information for a

21         Bank of America Visa debit card account, account ending in X-8491;

22    ay.    counterfeit access device containing unauthorized account information for Bank

23         of America Visa debit card account, account ending in X-6657;

24    az    counterfeit access device containing unauthorized account information for Bank

25         of America Visa debit card account, account ending in X-9612;

26   . . .

4

aaa. counterfeit access device containing unauthorized account information for Bank of America Visa debit card account in the name of G.S., account ending in X-2034;

aab. counterfeit access device containing unauthorized account information for Bank of America Visa debit card account in the name of C.S., account ending in X-3846;

aac. counterfeit access device containing unauthorized account information for Bank of America Visa debit card account in the name of S.K., account ending in X-5010;

aad. counterfeit access device containing unauthorized account information for Bank of America Visa debit card account in the name of E.H., account ending in X-4275;

aae. counterfeit access device containing unauthorized account information for Bank of America Visa debit card account in the name of B.W., account ending in X-7341;

aaf. counterfeit access device containing unauthorized account information for Bank of America Visa debit card account, account ending in X-3019;

aag. counterfeit access device containing unauthorized account information for Bank of America Visa debit card account in the name of D.R., account ending in X-4018;

aah. counterfeit access device containing unauthorized account information for Bank of America Visa debit card account, account ending in X-7017;

aai. counterfeit access device containing unauthorized account information for Bank of America Visa debit card account, account ending in X-6691;

aaj. counterfeit access device containing unauthorized account information for Wells Fargo debit card account, number ending in X-4424;

5

1     aak.    counterfeit access device containing unauthorized account information for a

2           Wells Fargo debit card account, account number ending in X-7930;

3     aal.    counterfeit access device containing unauthorized account information for a

4           Wells Fargo debit card account, number ending in X-6110;

5     aam.   2008 White BMW M5, VIN WBSNB93548CX09044;

6     aan.    2008 Black Mercedes Benz G-500 Wagon, VIN WDCYR49E38X171546;

7     aao.    2006 Black Quad Cab Dodge Dakota Truck, VIN 1D7HA18286J185015; and

8     aap.    an *in personam* criminal forfeiture money judgment of $663,089.35 in United

9           States Currency ("the property").

10       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited

11 funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as

12 any income derived as a result of the United States of America's management of any property forfeited

13 herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

14       The Clerk is hereby directed to send copies of this Order to all counsel of record and three

15 certified copies to the United States Attorney's Office.

16       DATED this _____ 7 _____ day of _____ July _____, 2011.

17

18                    _____

19                    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

6